Citation Nr: AXXXXXXXX
Decision Date: 08/31/21 Archive Date: 08/31/21

DOCKET NO. 191125-102278
DATE: August 31, 2021

REMANDED

Entitlement to a rating in excess of 50 percent for service-connected PTSD is remanded.

Entitlement to a rating in excess of 20 percent for service-connected lumbosacral strain is remanded.

Entitlement to service connection for chronic pain in lower abdomen, to include as secondary to service-connected hysterectomy (uterus and cervix) status post adenomyosis of the uterus is remanded.

REASONS FOR REMAND

The Veteran served on active duty in the United States Marine Corps from December 1990 to January 1995. 

This matter comes before the Board of Veterans' Appeals (Board) from a July 2019 Appeals Modernization Act (AMA) rating decision by a Department of Veterans Affairs (VA) Regional Office (RO). 

In November 2019, the Veteran filed a notice of disagreement in which she requested direct review. As this is a Direct Review appeal under the AMA, the record closed on the date of notice (July 31, 2019) of the July 2019 rating decision. 

Evidence was added to the claims file during a period of time when new evidence was not allowed. As the Board is remanding these claims for further development, this additional evidence will be considered by the RO.

1. Entitlement to a rating in excess of 50 percent for service-connected PTSD is remanded.

2. Entitlement to a rating in excess of 20 percent for service-connected lumbosacral strain is remanded.

3. Entitlement to service connection for chronic pain in lower abdomen, to include as secondary to service-connected hysterectomy (uterus and cervix) status post adenomyosis of the uterus is remanded.

The Veteran currently lives in Guantanamo Bay, Cuba. In November 2018, the Veteran contacted the VA to request VA examinations while she visited the United States in January 2019. The Veteran was scheduled for VA examinations in February 2019, after she would return to Cuba. Thus, in January 2019 the Veteran requested the VA reschedule her exams because she had to go back to Guantanamo Bay for work. 

In the July 2019 rating decision, the RO noted the Veteran requested exams, but did not report to her exams. Regarding her claim for service connection for chronic lower abdomen pain, the RO indicated they received one of the two required exams, but that it was incomplete and could not be used for adjudication. 

Regarding her increased rating claim for PTSD, the Veteran submitted a private opinion and treatment records from Dr. T.O. in March and April 2019. However, she specifically indicated in her January 2019 correspondence that she wanted a VA examination because she was experiencing an increase in PTSD symptoms. Additionally, her last VA examination for PTSD was in November 2017.

In November 2019 correspondence, the Veteran indicated she did not receive any notices for VA examinations, and reiterated that she currently lives in Cuba. In light of these circumstances, the Board finds that another attempt to schedule her VA examinations is warranted.

The Board acknowledges the potential difficulty to provide an examination in Cuba. If an in-person examination is not feasible, a telehealth examination should be provided. 

The matters are REMANDED for the following action:

1. Obtain a VA examination to evaluate the current severity of the Veteran's PTSD. If an in-person examination is not feasible, a telehealth examination should be provided.

The claims folder must be made available to and reviewed by the examiner. The examiner should note in the examination report that the claims folder has been reviewed. All indicated studies should be performed. 

The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran's disability under the rating criteria. 

Additionally, the examiner should identify all limitations or functional impairment caused solely by PTSD.

2. Obtain a VA examination to evaluate the current severity of the Veteran's lumbosacral strain. If an in-person examination is not feasible, a telehealth examination should be provided.

The examiner should record the results of range of motion testing for pain on active motion, passive motion, weight-bearing, and non-weight-bearing in light of Correia. If the examiner is unable to conduct the required testing or concludes that the required testing is not necessary in this case, he or she should clearly explain why that is so. 

In reporting the results of range of motion testing, the examiner should identify any objective evidence of pain, AND the degree at which pain begins (e.g., 0 to 130 degrees with pain at 115 degrees). 

The examiner should also express an opinion concerning whether there would be additional functional impairment on repeated use or during flare-ups assessed in terms of the degree of additional range of motion loss. In regard to flare-ups (pursuant to Sharp v. Shulkin), if the Veteran is not currently experiencing a flare-up, based on relevant information elicited from the Veteran, review of the file, and the current examination results regarding the frequency, duration, characteristics, severity, and functional loss regarding her flares, the examiner is requested to provide an estimate of the Veteran's functional loss due to flares expressed in terms of the degree of additional range of motion lost, or explain why the examiner cannot do so. [The Board recognizes the difficulty in making such determinations but requests that the examiner provide his or her best estimate based on the examination findings and statements of the Veteran.] 

3. Obtain a VA examination to determine the etiology of the Veteran's chronic lower abdomen pain. If an in-person examination is not feasible, a telehealth examination should be provided. 

The entire file should be made available to the examiner. The examiner is requested to review all pertinent records associated with the claims file, including the Veteran's service treatment records, post-service medical records, and assertions. 

The examiner must provide an opinion as to whether it is at least as likely as not (50 percent probability or greater) that the Veteran's chronic lower abdomen pain:

a) had its clinical onset during active service or is otherwise related to any in-service disease, event, or injury.

b) was caused by her service-connected hysterectomy (uterus and cervix) status post adenomyosis of the uterus.

c) was or has been aggravated (worsened beyond natural progression) by her service-connected hysterectomy (uterus and cervix) status post adenomyosis of the uterus.

In addressing the questions (b) and (c), please note that there is no temporal requirement that the primary condition (service-connected disability) be service-connected, or even diagnosed, at the time the secondary condition (chronic lower abdomen pain) was incurred or developed, and reliance on this fact will render any opinion inadequate. 

The examiner is requested to provide a clear rationale and explain in detail the underlying reasoning for any opinions expressed, to include citations to any scientific evidence that was relied upon. A discussion of the facts and medical principles involved would be of considerable assistance to the Board. Specifically, the examiner should address the actual etiology of the Veteran's condition and discuss the factors that affect the Veteran rather than list them. If an examiner cannot provide the requested opinion without resorting to speculation, he or she should expressly indicate this and provide a supporting rationale as to why an opinion cannot be made without resorting to speculation. 

 

 

TANYA SMITH

Veterans Law Judge

Board of Veterans' Appeals

Attorney for the Board A. Papacalos, Associate Counsel

The Board's decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.